UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| KARLIS RUBEN AUGUSTUS HOWARD,<br><br>            Petitioner,<br><br>            v.<br><br>AVENAL STATE PRISON,<br><br>            Respondent. | Case No. 5:23-02164-WLH-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

## I.

## INTRODUCTION

On October 19, 2023, the Court received from Karlis Ruben Augustus Howard ("Petitioner"), a California state prisoner at Avenal State Prison, proceeding pro se and seeking to proceed in forma pauperis, a Petition for Writ of Habeas Corpus by a Person in State Custody ostensibly pursuant to 28 U.S.C. § 2254 (Dkt. 1, "Petition" or "Pet."), purporting to challenge two separate state court criminal convictions and to "utilize federal courts supplemental jurisdiction" for a 42 U.S.C. § 1983 civil rights action. Id. at 5-6.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), the Court has reviewed the Petition,

finds it appears to suffer from several defects, and orders Petitioner to respond as set forth further below.

## II.
## PETITIONER'S CLAIMS

1. "Ineffective assistance of counsel, incompetence of counsel[.]" In support, Petitioner alleges "[c]ounsel for both cases failed monumentally in their duty. Conducted hearings while I was insane. Failed to give a candid evaluation of my case. Failed in their fiduciary duty, lied, manipulated me into pleading guilty despite being innocent. Counsel abandoned my rights, coerced me into waiving rights over 5 distinct times." Pet. at 5.

2. "False evidence, knowing use of perjury, tainted evidence, deceit, fraud, slander, libel." In support, Petitioner alleges "[m]y 400 page writ of habeas corpus I mailed to LAX court highlights the most scandalous usage of false evidence ever utilized to convict a citizen in our countrys history. It is loaded with hundreds of false statements, false claims, false allegations, fraud, deceit, libel, and negligent misrepresentations. A clear violation of due process." Pet. at 5-6.

3. "Trial by defendant while insane[.]" In support, Petitioner alleges that "[f]or cases FWV2003735 & SA106853 I was unconstitutionally tried, convicted, and sentenced while insane in the most corrupt manner. I was not given a fair trial for either case. Please see my 400 page writ of habeas corpus submitted to LAX court." Pet. at 6.

4. "Violation of procedural, substantive and continuous due process." In support, Petitioner alleges that "[f]rom 07/21/22-01/31/23 I was tried, convicted, and sentenced for both cases FWV20003735 & SA106853. Counsel coerced me into pleading guilty for Case SA106853. This ultimately revoked my 9 year joint suspension for Case FWV20003735. I was tried convicted and sentenced in violation of the 5th, 6th, 14th Amendments, and

the Cal Const." Pet. at 6.

5. "x6 counts assault, x6 counts battery, x8 counts criminal threats, x4 counts conspiracy, x10+ counts cruel & unusual punishment, excessive force, unconstitutional conditions of confine." In support, Petitioner alleges "I filed a 42 USC 1983 civil rights action naming all responsible parties, defendants including Scott Stansell #BT 5782, Wasco State Prison, Avenal State Prison, CDCR, Pleasant Valley State Prison, E Komaki, CO Rodriguez, and more with my petition I mailed to LAX court on 08/28/23. Please order a copy of the civil rights action, I wish to utilize federal courts supplemental jurisdiction." Pet. at 6.

## III.
## DISCUSSION

District courts are required to "promptly examine" all federal habeas petitions brought under 28 U.S.C. § 2254 and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the "judge must dismiss the petition[.]" Habeas Rules, Rule 4; Mayle v. Felix, 545 U.S. 644, 656 (2005). Here, the Petition appears subject to dismissal for at least five reasons: (1) the Petition improperly seeks to challenge two separate state court judgments; (2) Petitioner fails to coherently allege supporting facts; (3) the Petition is entirely unexhausted; (4) Petitioner may not pursue civil rights claims in this action; and (5) Petitioner has not named the proper respondent.

A. **The Petition Improperly Seeks to Challenge Two Different Convictions**

In response to questions on the form habeas petition asking Petitioner to identify the conviction upon which the Petition is based, Petitioner states that he was convicted of corporal injury with a great bodily injury enhancement allegation in violation of Cal. Penal Code §§ 273.5(a) and 12022.7(e). Pet. at 2.

3

He lists San Bernardino County Superior Court, Case No. FWV20003735 ("SB Case"), and indicates he was convicted on January 31, 2023. Id. at 1-2.

In his grounds for relief, however, Petitioner purports to be challenging both the SB Case and a separate criminal conviction imposed by the Los Angeles County Superior Court in Case No. SA106853 ("LA Case"). See Pet. at 5-6; see also id. at 10 (contending that his "charges cannot stand, [his] convictions cannot stand"). He alleges that he received ineffective assistance of counsel in "both cases"; "[f]or cases FWV20003735 & SA106853 [he] was unconstitutionally tried, convicted, and sentenced while insane"; he was "not given a fair trial for either case"; and "[f]rom 07/21/22-01/31/23 [he] was tried, convicted, and sentenced for both cases FWV20003735 & SA106853." Id. at 5-6. Thus, it appears Petitioner is challenging two separate and distinct state court judgments in the same federal action.

Rule 2(e) of the Habeas Rules provides, "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." See also Alford v. Salinas Valley State Prison, 2007 WL 1119205, at *1 (N.D. Cal. Apr. 16, 2007) (explaining that petitioner can challenge only one conviction per petition and must file two separate petitions if he wishes to challenge two separate convictions); Clarke v. Shasta Cty., 2006 WL 1030181, at *1 (E.D. Cal. Apr. 19, 2006) ("An application for writ of habeas corpus may challenge one judgment."). Because Petitioner is challenging two separate state court judgments in his Petition, the Petition is improper and subject to dismissal.

**B.    Petitioner Fails to Coherently Allege Supporting Facts**

Second, Petitioner has not clearly set forth the specific facts supporting each ground for relief in a coherent manner. Habeas Rules 2(c) and 4 require a statement of all grounds for relief and the facts supporting each ground; the petition should state facts that point to a real possibility of constitutional error

4

and show the relationship of the facts to the claim. See Habeas Rule 4, Advisory Committee Notes to 1976 Adoption; Felix, 545 U.S. at 655; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (as amended). Allegations in a petition that are vague, conclusory, palpably incredible, or unsupported by a statement of specific facts, are insufficient to warrant relief, and are subject to summary dismissal. See, e.g., Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Here, Petitioner asserts four grounds for relief challenging the two state court convictions.[1] In Ground One, he vaguely alleges that counsel in "both cases" "conducted hearings while [he] was insane," "failed to give a candid evaluation of [his] case," "failed in their fiduciary duty, lied, manipulated [him] into pleading guilty," "abandoned [his] rights," and "coerced [him] into waiving rights over 5 distinct times." Pet. at 5. In Ground Four, Petitioner alleges that he was "coerced" into pleading guilty in the LA Case, which resulted in the revocation of his nine-year joint suspension for the SB Case. Id. at 6. Petitioner, however, provides no factual support or further explanation as to these claims.

Grounds Two and Three are equally deficient, requiring the Court to refer to a state habeas petition that Petitioner has not included with the Petition. Petitioner references a 400-page habeas petition filed in the Los Angeles County Superior Court that purportedly includes "hundreds of false statements, false claims, false allegations, fraud, deceit, libel, and negligent misrepresentations" and requests that the Court "order a copy" from the superior court. Id. at 5-6, 9. Petitioner may not support his grounds for relief by citing to a document filed in another court that has not been provided to this

---

[1] Petitioner's fifth ground for relief is discussed separately below.

5

Court. The Petition must be complete in and of itself without reference to other documents. Thus, as currently pled, the Petition fails to comply with the requirements of Habeas Rules 2(c) and 4.

**C.     The Petition is Entirely Unexhausted**

Third, under 28 U.S.C. § 2254(b), federal habeas relief may not be granted unless the petitioner has exhausted the remedies available in state courts or an exception to the exhaustion requirement applies. Exhaustion requires that the petitioner's claims be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. James, 24 F.3d at 24; Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see also Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). A claim has not been fairly presented to a state court unless the petitioner has described both the operative facts and the federal legal theory on which the claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275-78 (1971); Greenway v. Schriro, 653 F.3d 790, 801 (9th Cir. 2011). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted his available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam).

Here, Petitioner concedes he has not presented any of his grounds for relief to the California Court of Appeal or California Supreme Court. See Pet. at 5-6. Nor has Petitioner shown state remedies are unavailable to him or that the statutorily mandated exhaustion requirement should be excused in his case. Thus, it appears the Petition is subject to dismissal for failure to exhaust state remedies.

/ / /

### D. Petitioner May Not Pursue Civil Rights Claims in This Action

Fourth, it appears that Petitioner is seeking to pursue multiple civil rights claims in this action. As noted, in Ground Five, Petitioner purports to assert civil rights claims based on assault, battery, criminal threats, conspiracy, cruel and unusual punishment, excessive force, and unconstitutional conditions of confinement. He claims to be "utiliz[ing] federal courts supplemental jurisdiction" and requests that the Court "order a copy" of the 42 U.S.C. § 1983 civil rights action he filed in the Los Angeles County Superior Court, naming "all responsible parties," including Scott Stansell, Wasco State Prison, Avenal State Prison, CDCR, which the Court interprets to refer to the California Department of Corrections and Rehabilitation, Pleasant Valley State Prison, E. Komaki, and Correctional Officer Rodriguez. Pet. at 6.

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint. See Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). Challenges to the validity of any confinement or to particulars affecting its duration fall within the "core" of habeas corpus. Hill v. McDonough, 547 U.S. 573, 579 (2006); Nelson v. Campbell, 541 U.S. 637, 643 (2004). "By contrast, constitutional claims that merely challenge the conditions of prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance." Nelson, 541 U.S. at 643; Hill, 547 U.S. at 579; Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (concluding that "a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus"). Thus, if success on a habeas petitioner's claim would not necessarily lead to his immediate or earlier release from confinement, the claim does not fall within "the core of habeas corpus" and thus, must be pursued, if at all, under 42 U.S.C. § 1983. Nettles, 830 F.3d at 935 (quoting Skinner v. Switzer, 562 U.S.

521, 535 n.13 (2011)); see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

Here, to the extent Petitioner is seeking to pursue civil rights claims based on the conditions of his confinement or any other civil rights claims that would not necessarily lead to his immediate or earlier release from confinement, such claims do not fall within the "core of habeas corpus" and Petitioner must instead pursue these claims, if at all, in a separate Section 1983 action. Petitioner appears to concede as much as he also has a pending civil rights action, which appears to relate to the same or similar issues. See Howard v. Parks, et al., Case No. 5:23-cv-02184-WLH-JDE (C.D. Cal.).

### E. Petitioner Fails to Name the Proper Respondent

Fifth, Petitioner has not named the proper respondent. The Ninth Circuit has held the failure to name the correct respondent destroys personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended); Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (as amended). Typically, the proper respondent for a habeas petition is the warden of the facility in which the petitioner is incarcerated. See Stanley, 21 F.3d at 360; see also Habeas Rule 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). Petitioner has failed to name the warden of the facility in which he is currently incarcerated, instead, naming Avenal State Prison. This is not the proper respondent in this action.

### F. Petitioner's Request for Appointment of Counsel

Finally, to the extent that Petitioner requests the appointment of counsel (Pet. at 10), that request is denied. There is no constitutional right to counsel in connection with a habeas petition. Bonin v. Vasquez, 999 F.2d 425, 429 (9th Cir. 1993). The decision of whether to appoint counsel is within the Court's discretion based upon an evaluation of Petitioner's likelihood of success on the

merits and his ability to articulate his claims pro se in light of the complexity of the legal issues involved. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

      Having reviewed the Petition, based upon the current record, the Court concludes that the appointment of counsel is not warranted at this time. As a result, the request is DENIED. Nothing in this order prevents Petitioner from retaining counsel.

## IV.
## ORDER

      For the foregoing reasons, the Petition is subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE, in writing, by **no later than thirty (30) days from the date of this Order**, why this action should not be dismissed under Habeas Rule 4 for the reasons stated above. To the extent Petitioner contends he has exhausted his state court remedies, Petitioner is directed to provide information regarding his efforts to exhaust his claims in the state courts, and attach copies of any documents establishing that his claims are indeed exhausted.

      Alternatively, Petitioner may file an amended petition **within thirty (30) days of the date of this Order** to attempt to cure the above-referenced defects. The Clerk is directed to send Petitioner a blank copy of the Central District habeas petition form for this purpose. The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely, including naming the appropriate respondent. Petitioner is reminded that a habeas petition may only challenge one judgment. Any amended petition must specify the criminal conviction at issue, may not seek to challenge two separate state court convictions, and must be complete in and of itself without reference to the prior petition or any other pleading,

attachment, or document. See C.D. Local Civil Rule 15-2.

**Petitioner is cautioned that a failure to respond timely in compliance with this Order could result in this action being dismissed for the foregoing reasons, for failure to prosecute, and for failure to comply with a Court order.** See Fed. R. Civ. P. 41(b).

Dated: October 27, 2023

_____
JOHN D. EARLY
United States Magistrate Judge